(No. 2528—

TONY DEBEVEC, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1938.*

MAX PRZYBORSKI, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This is a suit at common law filed on the 26th day of October, 1934, and alleges that on the 17th day of April, 1934, the claimant was operating a motorcycle in a southerly direction along and upon State Route No. 68, between Washington Street and Belvidere Road, presumably Cook County. It is charged that the State negligently and carelessly permitted the West half of the highway known as State Route No. 68 to be and remain out of repair and become broken and depressed, thereby causing deep holes to be and remain in that part of the highway customarily used by traffic moving in a southerly direction; that the highway was uneven, rough and unsafe for traffic, and of this condition respondent had notice of the situation for a long time prior to the date of the accident.

Claimant further averred that there were no warning signs to apprise the claimant of the situation, and that while he was driving a motorcycle, using due care for his own safety, he ran upon, over and into the rough, uneven and depressed portion of the highway and thereby sustained an injury; that he was thrown upon the highway with great force and violence by reason of which his right leg was fractured and other parts of his body were cut and bruised.

A Bill of Particulars was filed for doctor's bill, hospital bill, loss of time from his employment and for pain and suffering, totalling $579.75. A motion to dismiss was filed on behalf of the Attorney General, and for legal reasons this motion must be sustained and no comment will be made upon the evidence.

This court has repeatedly held that:

"In the construction and maintenance of its roads, the State acts in a governmental capacity and in the exercise of such governmental functions it does not become liable in actions of tort by reason of the malfeasance or negligence of its officers or agents in the absence of a statute creating such liability. Such has been the settled decision of this court for many years."

Morrissey vs. State of Illinois, 2 C. C. R. 454; Minear vs. State Board of Agriculture, 259 Ill. 549.

"The General Assembly has never enacted a law making the State liable for damages caused by the negligent construction or maintenance of a public road and this court has no power to make an award for damages in the absence of such a statute."

> *Chumbler* vs. *State of Illinois*, 6 C. C. R. 138; *Bucholz* vs. *State*, 7 C. C. R. 241.

The facts in this case come within the rule mentioned in the decisions above referred to and for the reasons therein stated, the claim will be dismissed.